IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 3:09-CR-98 |
| V. | ) (PHILLIPS/GUYTON) |
| | ) |
| RODNEY B. MACK, JR., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Counsel for the Defendant who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion to Declare Case Complex [Doc. 43], for a waiver of the case compensation maximum limit and for interim payment of attorney compensation. The Criminal Justice Act and the Guide to Judiciary Policy provides for a maximum compensation limit of $9,700 for each attorney in a non-capital case charging one or more felonies. 18 U.S.C. § 3006A(d)(2) (providing that the case compensation maximums shall increase "simultaneously" with changes in the hourly rate); 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, §§ 230.23.10(h), 230.23.20(a) (hereinafter Guide). Payment in excess of the $9,700 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or her designee. 18 U.S.C. § 3006A(d)(3).

In the present case, the Defendant is charged in an Indictment [Doc. 1] which alleges theft of a motor vehicle, Hobbs Act robbery, and brandishing a firearm in relation to a crime of

1

violence [Doc. 1]. Defense counsel requests that this case be declared extended and complex for the purpose of allowing excess compensation, because the Indictment refers to unnamed participants, although the Defendant is the only individual charged in the Indictment. As a result, defense counsel argues that he is left alone to mount a defense without the aid of the alleged unnamed participants. In addition, defense counsel asserts that the preparation for the defense has been abnormally lengthy and complex due to the investigation of the various incident sites, reviewing the evidence, and attempting to obtain evidence in preparation for trial.

The following regulation is pertinent to the question of whether or not the $9,700 maximum on compensation should be waived:

> (a) Overview
>> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).
>
> (b) Extended or Complex Cases
>> The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.
>>
>> -If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."
>>
>> -If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> (c) Determining Fair Compensation

> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:
>
> -responsibilities involved measured by the magnitude and importance of the case;
>
> -manner in which duties were performed;
>
> -knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
>
> -nature of counsel's practice and injury thereto;
>
> -any extraordinary pressure of time or other factors under which services were rendered; and
>
> -any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 Guide, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 Guide, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse counsel's **expenses** except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); 7 Guide, Chapter 2, §§ 230.23.10(d), 230.63.10. Moreover, "[i]f an attorney is substituted for an attorney previously appointed for a defendant in the same case, the total compensation paid to both attorneys may not exceed the statutory maximum for one defendant, unless the case involves extended or complex representation." 7 Guide, Chapter 2, §§ 230.56. This regulation is important in the instant case because present counsel is the Defendant's second appointed attorney.

In this case, the Defendant is charged with three counts of theft of a motion vehicle (Counts 1, 7, 10), three counts of Hobbs Act robbery (Counts, 2, 8, 11), and three counts of

3

brandishing a firearm in relation to a crime of violence (Counts 3, 9, 12).[1] Defendant Mack's case is currently set for trial on November 8, 2011. The Defendant has not pointed to any unusual factual or legal issues in this case. Moreover, the Court notes that current defense counsel was appointed on March 11, 2010, as substitute counsel for the Federal Defender Services. [Doc. 18]. After defense counsel was appointed, this Court continued the trial date in this case. [Doc. 21]. Although the original trial date of October 21, 2009 has been continued five times [Docs. 17, 21, 24, 28, 40], it has not been found that this case is unusual or complex with regard to the number of defendants, the nature of the prosecution, or the presence of novel questions of law or fact for purposes of the Speedy Trial Act. See 18 U.S.C. 3161(h)(7)(B)(ii).

---

[1] The Honorable Thomas W. Phillips ordered that counts 4, 5, and 6 of the Indictment be dismissed [Doc. 35], on May 20, 2011.

At this point, the Court finds the circumstances of this case do not rise to the level of those cases that are extended or complex. If counsel encounters a change in circumstances during his representation of the Defendant that would warrant a finding that the case is extended or complex, such as encountering complicated issues of law or fact, he may move again for such a declaration. For the reasons indicated, it is **RECOMMENDED** that the Motion of Defendant Rodney Mack to Declare Case Complex **[Doc. 43]** be **DENIED**.[2]

Respectfully submitted,

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).