# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RODNEY B. MACK, JR., | ) |
| Petitioner, | ) |
| v. | ) Nos.: 3:16-CV-526-PLR-HBG; |
| | ) 3:14-CV-569; 3:09-CR-98 |
| WARDEN SHINN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Rodney B. Mack, Jr., ("Petitioner"), a federal prisoner who is currently confined in a federal correctional facility in Louisiana, submitted to a federal district court in the Central District of California [Doc. 1][1][2] what he labeled as petition for a writ of habeas corpus under 28 U.S.C. § 2241 [*Id.*]. The district court determined that the claims in the § 2241 petition actually were challenges to the legality of Petitioner's conviction or sentence and that such claims must be made in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed in the sentencing court [Doc. 3]. The district court then transferred the case to this Court because it is the sentencing court [*Id.*]. Although the case was docketed as a § 2241 petition, Petitioner is challenging the legality of his conviction or sentence and, as the transferor district court recognized [*Id.*], such claims typically can only be presented in a § 2255 motion. Therefore, the § 2241 petition is construed to be a § 2255 motion to vacate, set aside, or correct sentence and will be treated as such.

In his motion, Petitioner asserts that he was sentenced under the residual clause of the

---

[1] Unless otherwise noted, citations to document numbers in this opinion refer to numbers assigned to the document associated with the instant case in the Court's ECF system.

[2] At the time of filing, Petitioner was incarcerated in a federal prison in Victorville, California [Doc. 1 p.18].

Armed Career Criminal Act ("ACCA"). Petitioner further asserts that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that ACCA's residual clause violates due process), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (finding that the *Johnson* holding applies retroactively), he is entitled to be resentenced. For reasons explained below, Respondent will not be required to file an answer, and this motion will be dismissed as duplicative.

Petitioner filed the present § 2255 motion while his original § 2255 motion was pending in this Court. *Mack v. United States*, Nos. 3:14-cv-569; 3:09-cr-98 [Doc. 90]. In the original § 2255 motion, Petitioner filed what is construed to be a motion to amend his original § 2255 motion to add the same *Johnson*-based claims offered in the transferred § 2255 motion. *Id.* [Doc. 97]. The United States filed a response to the amended motion, specifically addressing the *Johnson* claim, arguing that the claim is untimely, and alternatively, without merit. *Id.* [Doc. 98]. That § 2255 motion remains pending before the Court.

Typically, when a numerically second § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion, and not as a "second or successive motion" to vacate. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)); *Gonzalez v. United States*, No. 13-CR-20813-01, 2017 WL 2874739, at *3 (E.D. Mich. July 6, 2017) ("[M]otions to amend that are submitted before the consideration of an initial § 2255 claim is "decisively complete" are not second or successive applications for habeas relief." (quoting *Clark*, 764 F.3d at 658).

As noted, Petitioner has filed a motion to amend his original § 2255 motion to add a *Johnson* claim. Given that the instant § 2255 motion duplicates the amended motion, in that it asserts the same *Johnson*-based claim currently pending in the original § 2255 motion, construing

2

the instant § 2255 motion as a motion to amend would be pointless and a waste of judicial resources.

As a sister court in this circuit has recognized, a litigant "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Hesselink v. Coakley*, No. 4:13 CV 2697, 2014 WL 1270610, at *2 (N.D. Ohio Mar. 26, 2014) (observing that a § 2241 petition filed while a federal prisoner's § 2255 motion was pending typically would be dismissed as duplicative of the § 2255 motion).

The Court thus finds that the § 2255 motion *sub judice* is duplicative and that it should be dismissed in the interests of judicial economy and to prevent burdening Respondent with having to defend against concurrent litigation of the same claim.

Accordingly, the Court will exercise its discretion and will **DISMISS** this § 2255 motion without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that federal courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions); *Link v. Wabash R. Co*., 370 U.S. 626, 630–31 (1962) (observing that federal courts have "inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal quotation marks omitted); *Bowling v. White*, No. 15-6318, 2017 WL 2471262, at *7 (6th Cir. June 8, 2017) (finding that, where a petitioner's original § 2254 petition was pending on appeal, interpreting a later-filed § 2254 petition as meeting the "in custody" requirement would be duplicative of the earlier § 2254 petition and would require dismissal under 28 U.S.C. § 2244); *Christian v. Trombley*, No. 2:07-10900, 2007 WL 1266167, at *1 (E.D. Mich. Apr. 30, 2007) (dismissing a duplicate habeas corpus petition without prejudice).

Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas

proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. Where a court dismisses a § 2255 petition on procedural grounds, a COA will issue upon a showing that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about whether the Court correctly ruled that the § 2255 motion is duplicative; thus, he will be **DENIED** a certificate of appealability. Fed. R. App. P. 22(b); *Slack*, 529 U.S. at 484.

Finally, the Court will **CERTIFY** that any appeal in this matter would not be taken in good faith., 28 U.S.C. § 1915(a)(3), and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER**.

_____
**UNITED STATES DISTRICT JUDGE**