UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:09-CR-98-TAV-HBG-1 ) |
| RODNEY MACK, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion under the Innocence Protection Act for DNA testing [Doc. 89]. The defendant requests that the Court order DNA testing on a two pairs of tennis shoes that were admitted into evidence during his criminal trial [Doc. 89]. Defendant states that he wore a size eight (8) shoe, while these shoes were a size eleven (11), and DNA testing would "show that the defendant never wore those shoes at any time" [*Id.*].

Under the Innocence Protection Act of 2004, a district court "shall order DNA testing of specific evidence if the court finds that" all of ten prerequisites apply. 18 U.S.C. § 3600(a). Here, defendant cannot satisfy the fourth requirement, namely that "[t]he specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing." *Id* at 3600(a)(4). The government states in its response that the evidence is no longer in its possession, as it was destroyed after trial had

concluded in November 2011 [Doc. 94 p. 13]. Stephanie Mangan, an FBI Evidence Control Technician whose duties include collecting, maintaining, and disposing of evidence, submitted an affidavit and accompanying documentation that such shoes were destroyed on April 25, 2012, at 8:30 a.m.

Therefore, defendant cannot fulfill all of the prerequisites, and the Court must **DENY** the defendant's motion [Doc. 89] for DNA testing pursuant to 18 U.S.C. § 3600(a).

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE